**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

SHER'MON A. ALLEN,

Plaintiff,

v. Case No. 5:26-cv-199-TKW-MJF

ROTTER*, et al.*,

Defendants.
______________________________________/

## REPORT AND RECOMMENDATION

Plaintiff Sher'mon A. Allen, FDC# TO7183, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1 & 2. The District Court should dismiss this action because Allen is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* and Plaintiff failed to pay the filing fee upon commencing this action.

### BACKGROUND

On July 12, 2026, Plaintiff initiated this civil action. Doc. 1. Plaintiff is an inmate of the Florida Department of Corrections whom the FDC currently houses at the Suwanee Correctional Institution. Doc. 1 at 3. Plaintiff did not pay the filing fee. Instead, Plaintiff moved for leave to proceed *in formal pauperis*. Doc. 2.

Plaintiff alleges that Defendants used excessive force and retaliated against Plaintiff while he was confined at the Washington Correctional Institution. Doc. 1 at 8. Plaintiff alleges that the relevant events occurred between December 13, 2022, and February 7, 2023. *Id.* at 10.

**DISCUSSION**

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

A dismissal for abuse of the judicial process is a dismissal for maliciousness and thus counts as a strike. *See Burrell v. Warden I*, 857 F. App'x. 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under

penalty of perjury, as such a complaint is an abuse of the judicial process.") (citation omitted).

The undersigned takes judicial notice that Plaintiff has incurred three strikes under section 1915(g):

- *Allen v. Sutton*, No. 3:24-cv-252-LC-HTC (N.D. Fla.) (civil rights action dismissed on October 9, 2024, for failure to state a claim);

- *Allen v. Martin*, No. 3:25-cv-180-LC-HTC (N.D. Fla.) (civil rights action dismissed on March 24, 2025, as malicious); and

- *Allen v. Wallace*, No. 5:22-cv-238-TKW-MJF (N.D. Fla.) (civil rights action dismissed on January 4, 2023, as malicious).

At least one other district court has recognized that Plaintiff has incurred three strikes. *See* Attachment 1 to the R&R.

Because Plaintiff has incurred three strikes, Plaintiff may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To qualify under that exception to the three-strike rule, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations are insufficient to invoke

section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, an allegation of imminent danger "requires a relationship between the imminent danger alleged . . . and relief sought in the underlying claim." *Meyers v. Commr. of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *Alston v. F.B.I.*, 747 F. Supp. 2d 28, 31 (D.D.C. 2010).

Plaintiff's complaint alleges misconduct that occurred between December 2022 and *February 2023*, while Plaintiff was confined at *Washington Correctional Institution*. Doc. 1 at 10. Thus, the events giving rise to Plaintiff's claims are temporally removed from the present by *more than three years*, and they occurred at a different institution than the one in which the FDC currently houses Plaintiff.

Nevertheless, Plaintiff attempts to avoid dismissal by asserting that he is in imminent danger. Doc. 1 at 11. Plaintiff alleges that on July 2, 2026—more than three years after the alleged incidents giving rise to the present case—Officer Burnham and Office Hueck used excessive force on Plaintiff while Plaintiff was confined at the Suwanee Correctional Institution. *Id.* But this allegation of excessive force is unrelated to events alleged and the relief sought in Plaintiff's complaint.

Furthermore, Plaintiff filed a *separate* lawsuit regarding Burnham and Hueck alleged use of excessive force. *See* Attachment 2 to the R&R.[1] United States District Judge Marcia Morales Howard concluded that Plaintiff's allegations against Burnham and Hueck did not satisfy the imminent danger exception and dismissed the case pursuant to 28 U.S.C. § 1915(g). *See* Attachment 1 to the R&R.

Because Plaintiff did not allege in his complaint that he was under imminent danger of serious physical injury, the law barred Plaintiff from proceeding *in forma pauperis* at the time he initiated this civil action, and Plaintiff cannot cure this deficiency by paying the filing fee at a later date. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's motion for leave to proceed *in forma pauperis*.

---

[1] Plaintiff did not use the court-approved form for his complaint and did not disclose this case in his complaint. Thus, the District Court also could dismiss this civil action Plaintiff's failure to comply with the Local Rules. *McNair v. Johnson*, 143 F.4th 1301, 1307, 1308 (11th Cir. 2025).

2. **DISMISS** this action without prejudice.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 12th day of August 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**